# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMES W. KOSUT,**
**Claimant Below, Petitioner**

**FILED**
November 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0029** (BOR Appeal No. 2046092)
(Claim No. 2009055735)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James W. Kosut, by Christopher J. Wallace, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Division of Highways, by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed a June 23, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 6, 2010, Order denying the addition of anxiety, hypertension, and history of adrenal insufficiency as compensable components of Mr. Kosut's claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 4, 2008, Mr. Kosut was employed as a laborer by the West Virginia Division of Highways when he sustained a compensable injury to his back while putting up traffic signs. On May 6, 2010, the claims administrator denied Mr. Kosut's request to add anxiety, hypertension, and history of adrenal insufficiency as compensable components in Mr. Kosut's claim. The Office of Judges found that a preponderance of the evidence failed to demonstrate that the conditions of anxiety, hypertension, and adrenal insufficiency were incurred in the course of and as a result of Mr. Kosut's employment. Mr. Kosut disagrees and asserts that his August 4, 2008, injury aggravated his preexisting psychiatric disorder, and that there is sufficient

1

evidence to demonstrate his anxiety has significantly increased due to his workplace injury. The West Virginia Division of Highways argues that Mr. Kosut did not show by competent evidence a causal connection between the requested additional diagnoses and his employment.

On December 2, 2001, Dr. Prabhjot Deol began treating Mr. Kosut for panic attacks, anxiety and depression. On August 4, 2005, Mr. Kosut was seen at Weirton Medical Center's Emergency Room and reported a history of Hodgkin's lymphoma, hypertension, and anxiety. On March 10, 2008, Dr. Rebecca Thaxton performed a Physician Review and determined that the request to add anxiety, hypertension, and history of adrenal insufficiency was inappropriate but recommended that the claims administrator authorize payment for a psychiatric evaluation. On April 22, 2011, Dr. Anil Nalluri performed an independent psychiatric evaluation and diagnosed Mr. Kosut with Dysthymic Disorder, directly attributable to the August 4, 2008, work-related injury without indication of aggravation of a preexisting psychiatric condition.

The Office of Judges noted that Mr. Kosut's counsel acknowledged the lack of evidence to support adding adrenal insufficiency as a compensable component. The Office of Judges further noted that the medical evidence of record demonstrates that Mr. Kosut had a long-standing preexisting history of chest pain, hypertension, and psychiatric treatment. It also noted that it appeared that Dr. Arora, Mr. Kosut's treating physician, never referred him for a psychiatric consultation, which weighs against a finding of compensability. The Office of Judges also noted that Dr. Arora's Diagnosis Update was not accompanied by any supporting treatment records but merely stated that Mr. Kosut feels depressed pertaining to his recent injury, and that he had previously experienced anxiety. It further noted that Dr. Nalluri failed to adequately review Mr. Kosut's medical and psychiatric history during the independent psychiatric evaluation and therefore, failed to provide a reliable basis for adding the requested additional components. Thus, the conditions of anxiety, hypertension, and adrenal insufficiency are not compensable components in Mr. Kosut's claim. The Board of Review reached the same reasoned conclusions in its December 22, 2011, Order. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II